

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Sidney M. Lister, M. D.
Chairman, Texas Prison Board
Second National Bank Building
Houston, Texas

Dear Sir:        Opinion No. O-4964
                        Re:  Authority of the Texas
                            Prison Board to grant
                            permission for geophy-
                            sical work on prison
                            property, and related
                            questions

       We are in receipt of your letter of recent date wherein you request the opinion of this department on the question above stated. We quote the body of your letter in full as follows:

       "I am quoting below a request that came to the Texas Prison Board for geophysical work on a part of one of the State prison farms:

       "'My client is desirous of doing certain geophysical work on a part of the Ramsey Prison Farm in Brazoria County. It is estimated that we would like to have a permit to do this work on about 8,000 acres and pay you the sum of $1.00 per acre.'

       "'It was my suggestion, therefore, that you authorize the Chairman of your Board or a subcommittee to execute the permit mentioned, above on the terms which we discussed this morning, either jointly or severally according to the advice of the Attorney General.'

Hon. Sidney N. Lister - Page 2

"Please give us a ruling as to whether
the Prison Board has authority to grant per-
mission to do geophysic work on prison property,
and if so, into which funds shall we deposit
the money received from this permit."

The Texas Prison Board is an agency of the
State, created by the Legislature, which has reposed in it
the duty of properly caring for prisoners incarcerated
within the State penitentiaries. See 37 Tex. Jur. 65. To the
end that the Texas Prison Board may properly perform its func-
tions, the Legislature has vested in it extensive powers over
the inmates of the Texas prisons and over the physical pro-
perties composing the Texas Prison System. See Articles 6166-
6166x10.

Within the scope of the Prison Board's functions,
these powers are plenary and are liberally construed to effectuate
the purposes which the Prison Board serves. However, the power
and authority of the Prison Board over prison property is not
absolute. Its power and authority over prison property, of
necessity, are limited and do not extend, either expressly or
by implication, beyond the functions which the Prison Board
serves. 34 Tex. Jur. 444, and cases cited.

In the absence of specific statutory authority,
the Prison Board cannot dispose of prison property by sale or
lease, or otherwise. Crouch v. Posey (Civ. App., Dallas, 1902)
59 S. W. 1001; 37 Tex. Jur. 950, Sec. 81.

Article 6166o, Vernon's Ann. Statutes, empowers
the Prison Board to lease any of the real estate belonging to the
Texas Prison System for "agricultural or grazing purposes."
Specification of these particular purposes by the Legislature
effectively circumscribes the Prison Board's authority to lease.
Statutes which prescribe and limit the exercise of official
duty are strictly construed in respect to the powers conferred
and the manner of their exercise, and such powers will not be
enlarged by construction. Bryan v. Sundberg, 5 Tex. 418; 34 Tex.
Jur. 443.

That the Legislature intended that the Prison
Board's authority to lease prison lands be limited to the
purposes set out is illustrated by the fact that the Legislature
has set up an entirely different procedure for the leasing of
prison lands for oil and gas. See Acts 1930, 41st. Leg.4th.
Called Session, p. 16, Ch. 13, Article 6203a, Vernon's Annotated
Statutes.

Hon. Sidney M. Lister - Page 3

The authority of the Prison Board to grant licenses is likewise subject to certain limitations. As stated in our opinion No. O-4509, the authority and power of the Prison Board to grant a license where such license is reasonably necessary to the performance of some duty imposed upon the Board is hardly subject to question.

We further stated in that opinion the limitations upon the authority of the Prison Board to grant licenses. We quote from that opinion as follows:

"Of course, the Prison Board does not have the power or authority to grant licenses indiscriminately. This power, we believe, is restricted in the sense that it can be exercised only in the furtherance of some objective necessary to the proper performance of duties imposed upon the Board."

We can conceive of no function of the Texas Prison Board which will be served by the granting of a license for seismographic inspection of Texas Prison land, and in the absence of specific authority by the Legislature, we are impelled to the conclusion that the Texas Prison Board does not have authority to grant such license.

Our answer to your first question makes unnecessary a discussion of your other inquiry.

Trusting that we have fully answered your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Peter Maniscalco_
Peter Maniscalco
Assistant

PM:BT

APPROVED JAN 15, 1943

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN